UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>   Plaintiff,<br><br> v.<br><br>MARLYN CONANON, et al.,<br><br>   Defendants. | Case No.: 1:17-cv-01400-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM PROCEED AGAINST DEFENDANTS CONANON AND JOHN DOE AT MERCY HOSPITAL<br><br>[ECF No. 7] |

  Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's first amended complaint, filed on November 22, 2017, in response to the Court's October 23, 2017 original screening order.

**I.**

**SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff repeatedly informed Dr. Conanon that he was suffering excruciating pain and could not breathe. Dr. Conanon performed an x-ray and discovered that Plaintiff had three broken ribs and internal bleeding that was not previously detected by staff at Community Regional Medical Center (CRMC). Despite the x-ray results, Plaintiff was ordered to return to his cell. However, two to three days later, Plaintiff was rushed to the hospital.

On or about May 21, 2016, Plaintiff was taken by ambulance to Mercy Hospital in Bakersfield for treatment of three broken ribs, internal bleed, and removal of a developing extra pleural hematoma. Dr. John Doe kept Plaintiff chained to a bed with continuous internal bleeding, strained breathing and in great pain for two weeks because there was no bed space to be transferred to Memorial Hospital. When Plaintiff eventually arrived at Memorial Hospital, a surgical procedure was attempted by use of a large needle to extract the blood which if it had been done sooner would have worked. However, due to the length of delay in treatment removal required a much more serious surgical procedure. Dr.

John Doe would visit Plaintiff's room and state "he doesn't know what to do with me, and he actually suggest[ed] sending me back to (CDCR) PVSP because of the wait."

PVSP health care chief medical officer, John Doe, knew or should have known through staff meetings that Plaintiff had a failed diagnosis of three broken ribs with internal bleeding and was not being properly treated. John Doe also had to know that on the day of surgery, Plaintiff laid in the operating room for hours while memorial hospital could not perform the surgery because PVSP health care had not yet approved payment for the treatment, so surgery was postponed for another day.

### III.

### DISCUSSION

**A.  Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Based on Plaintiff's allegations in the first amended complaint, Plaintiff states a cognizable claim for deliberate indifference against Defendants Dr. Conanon and John Doe (at mercy hospital). However, Plaintiff does not state a cognizable claim against John Doe, Chief Medical Officer at PVSP because Plaintiff fails to allege sufficient facts that he/she actually knew or disregarded an excessive risk to Plaintiff's health and safety. Plaintiff's claim that the Chief Medical Officer knew or should

have known of his medical condition is insufficient under the Eighth Amendment. Indeed, "deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Accordingly, Plaintiff states a cognizable claim against Defendants Dr. Conanon and John Doe (at mercy hospital); however, Plaintiff fails to state a cognizable claim against John Doe, Chief Medical Officer at PVSP.

## IV.

## RECOMMENDATIONS

Plaintiff's first amended complaint states a cognizable claim for deliberate indifference to a serious medical need against Defendants Dr. Conanon and John Doe (at mercy hospital). Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint fails to state a cognizable claim against Defendant John Doe, Chief Medical Officer at PVSP. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support any other cognizable claims for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim of deliberate indifference against Defendants Dr. Conanon and John Doe (at mercy hospital);

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief; and

3. The Office of the Clerk is directed to randomly assign this matter to a district judge.

4

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 28, 2017**

_____
UNITED STATES MAGISTRATE JUDGE