# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>    Plaintiff,<br><br>    v.<br><br>MARLYN CONANON, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, ALLOWING ACTION TO PROCEED ON PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE AGAINST DEFENDANTS MARLYN CONANON AND JOHN DOE (AT MERCY HOSPITAL), AND DISMISSING ALL OTHER DEFENDANTS<br><br>[ECF Nos. 7, 11, 12] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 29, 2017, the Magistrate Judge filed Findings and Recommendations recommending that this action proceed on Plaintiff's deliberate indifference claim against Defendants Marlyn Conanon and John Doe (at Mercy Hospital) and all other Defendants be dismissed. The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within thirty days. Plaintiff filed objections on December 14, 2017. (ECF No. 12.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. In his objections, Plaintiff contends that he has stated a cognizable claim against the Chief Medical Officer at Pleasant Valley State Prison because he knew or should have known of the alleged mistreatment by subordinate medical staff. However, Plaintiff's complaint fails to allege that a pattern of unconstitutional medical care existed at the time of his alleged mistreatment which would have provided notice to the Chief Medical Officer that medical staff had rendered

1

inappropriate treatment. Plaintiff's allegations against one individual in connection with a single medical condition for him alone does not raise an inference that there was inadequate training and/or inadequate supervision for purposes of a supervisory liability claim. See Stanley v. Goodwin, 475 F. Supp. 2d 1026, 1037 (D. Haw. 2006), aff'd, 262 F. App'x 786 (9th Cir. 2007) (identifying a single incident does not meet the plaintiff's high burden of showing that the supervisor's indifference amounts to an authorization of the offensive practice); Doe v. City of San Diego, 35 F. Supp. 3d 1214, 1228 (S.D. Cal. 2014) ("[T]he Court cannot find any case which imposes personal liability on a supervisor for having knowledge of a single prior act of misconduct on the part of a subordinate."); see also Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (allegations of an isolated instance of a constitutional violation are insufficient to support a "failure to train" theory). In addition, Plaintiff's vague and bare allegations that his unconstitutional medical treatment resulted from a policy or custom are insufficient. See Cholla Ready Mix. Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on November 29, 2017, are adopted in full;

2. This action shall proceed on Plaintiff's deliberate indifference claim against Defendants Marlyn Conanon and John Doe (at Mercy Hospital);

3. All other Defendants are dismissed from the action for failure to state a cognizable claim for relief; and

4. The matter is referred back to the Magistrate Judge for initiation of service of process.

IT IS SO ORDERED.

   Dated:   **January 4, 2018**       /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE