# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MARLYN CONANON, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 23] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed June 19, 2018.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges an Eighth Amendment claim against prison officials for denying him appropriate medical attention. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the amended complaint. In addition, although Plaintiff contends that there is a likelihood he will succeed on the merits, the evaluation of such analysis is premature at this time as the Court has only Plaintiff's allegations and evidence before it. Plaintiff also argues counsel is needed to obtain expert testimony, however, this does not demonstrate exceptional circumstances. See Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better—particularly in the realm of discovery and the securing of expert testimony," because that is not the applicable test). Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's second motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __June 21, 2018__

UNITED STATES MAGISTRATE JUDGE