# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARLYN CONANON, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>[ECF No. 27] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed August 3, 2018.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Marlyn Conanon and John Doe (at Mercy Hospital) for deliberate indifference to a serious medical need.[1]

On April 10, 2018, Defendant Conanon filed an answer to the complaint. On April 11, 2018, the Court issued the discovery and scheduling order.

///

---

[1] The John Doe Defendant has not yet been identified or served with process.

1

As previously stated, on August 3, 2018, Plaintiff filed a motion to amend the complaint. (ECF No. 27.) Defendant filed an opposition on August 13, 2018. Plaintiff did not file a reply and the time period to do so has expired. Local Rule 230(l). Accordingly, Plaintiff's motion to amend is deemed submitted for review without oral argument. (Id.)

## II.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

## III.

## DISCUSSION

Plaintiff seeks leave to amend the complaint to add Charles E. Young, Chief Executive Officer (CEO) of Health Care Services at Pleasant Valley State Prison, as a Defendant in this action and

terminate the John Doe Defendant. Plaintiff contends that Young can be held liable because of his supervisory role over Defendant Conanon as the CEO and his role in signing off at the second-level review of Plaintiff's administrative grievance.

Defendant opposes Plaintiff's request and argues amendment is futile because Plaintiff fails to state a cognizable claim for relief against CEO Young.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Supervisory personnel, such as CEO Young, may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so

deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's claim against CEO Young is based solely on his participation in the administrative grievance process and because he is in charge of the prison's medical operations. (Mot. to Amend at 4-7, ECF No. 27.) Plaintiff alleges Young's signature on the second-level inmate appeal response is "complete approval of plaintiff Hisle's level of care, the (CEO) supports, oversaw and delegation each daily huddle the type and measure of care given to plaintiff Hisle." (Id. at 4.)

In general, denying a prisoner's administrative grievance does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v. Cate, 918 F.Supp.2d 987, 1018 (C.D. Cal. 2013). However, if an appellate reviewer denies an appeal of an on-going medical issue it may subject him/her to liability for deliberate indifference under the Eighth Amendment. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Nonetheless, if the prison official merely signed off on an appeal of a discrete medical issue, such an allegation does not, by itself, constitute deliberate indifference. See Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014) (finding no liability for a prison official who reviewed plaintiff's inmate appeal, even though the official was a supervisor of dental staff, this official did not independently review plaintiff's claims or read plaintiff's medical charts before signing off on plaintiff's second-level review).

Plaintiff has failed to state a cognizable claim based on Young's supervisory position. In support of his motion to amend, Plaintiff attaches the denial of his health care appeal No. PVSP HC 16052007, which was signed by Young on February 27, 2017. (Mot. to Amend, Ex. A 1.) Plaintiff has not and cannot state a cognizable claim against Young based merely on executing the duties of his position as CEO of the Health Care Services. Indeed, Plaintiff's injuries were sustained sometime at the end of April 2016, and Plaintiff's allegations demonstrate that he received surgery for those injuries in June 2016. (Pl. Am. Compl. at 4, ECF No. 7.) Further, Plaintiff has not presented facts that CEO Young provided direct medical care to him or saw him for treatment. Rather, Plaintiff summarily asserts that he knew through the grievance process of the inadequate medical treatment. However, Young's only personal involvement had to do with his decision to sign off on the second-

level review of Plaintiff's health care appeal, which occurred on February 27, 2017, appropriately eight months after the events at issue in this action.

Plaintiff also fails to state a cognizable claim against Young based on the mere fact that he signed off on the second-level review appeal because such decision does not demonstrate deliberate indifference. In addition, CEO Young was not and could not be deliberately indifferent when he relied on the opinions of qualified medical staff in responding to Plaintiff's medical grievance. See Peralta, 744 F.3d at 1087; see also Doyle v. California Department of Corrections and Rehabilitation, et.al., No. 12-cv-2769-YGR, 2015 WL 5590728, at *9 (N.D. Cal. Sept. 23, 2015) ("[i]t simply cannot be said that, by signing off on the denials at the second and third level, defendants Ellis and Zamora disregarded a substantial risk of harm to Mr. Doyle's health by failing to take reasonable steps to abate it.") Young was not a medical professional and relied on the medical opinions of staff doctors who investigated Plaintiff's complaints and already signed off on the treatment plan. Peralta, 744 F.3d at 1086-87. Therefore, because Young denied an appeal concerning events that had already happened, Young had no subjective awareness of an alleged ongoing medical need and was not deliberately indifferent to Plaintiff's requests for help when he denied Plaintiff's appeal at the second level of review. Accordingly, Plaintiff's motion to amend the complaint should be denied.

It is further noted that Plaintiff previously attempted to state a claim against CEO Young and was notified of the deficiencies and granted leave to amend. In the original complaint, Plaintiff identified "C. Yang" as a Defendant and alleged that he was the CEO. (Pl.'s Compl. at 2, ECF No. 1.) In the Court's initial screening order, the Court found that Plaintiff failed to state a cognizable claim against the CEO because he did not link that individual to an affirmative act of misconduct. (Screening Order at 4, ECF No. 6.) Plaintiff subsequently filed a first amended complaint on November 22, 2017. The Court screened the first amended complaint and found that Plaintiff stated a cognizable claim against Defendants Dr. Conanon and John Doe (at Mercy Hospital), but Plaintiff failed to state a cognizable claim against the CEO or Chief Medical Officer at PVSP. (Findings and Recommendation, ECF No. 11.) The Findings and Recommendations were adopted in full on January 4, 2018. (ECF No. 13.) Therefore, Plaintiff has been previously advised of the deficiencies and granted leave to amend to cure such deficiencies.

5

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint to add CEO Young as a Defendant be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 31, 2018__

UNITED STATES MAGISTRATE JUDGE