# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARLYN CONANON, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 28] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed August 8, 2018.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendants Marlyn Conanon and John Doe (at Mercy Hospital) for deliberate indifference to a serious medical need.[1]

On April 10, 2018, Defendant Conanon filed an answer to the complaint. On April 11, 2018, the Court issued the discovery and scheduling order.

---

[1] The John Doe Defendant has not yet been identified or served with process.

1

As previously stated, on August 8, 2018, Plaintiff filed a motion to compel. Defendant filed an opposition on August 27, 2018, and Plaintiff filed a reply on September 10, 2018.

**II.**

**LEGAL STANDARD**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 19, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of

discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**III.**

**DISCUSSION**

**A.     Factual and Procedural Background Regarding Discovery**

The Court opened discovery in this case on April 11, 2018. (ECF No. 19.) On April 25, 2018, Plaintiff served written requests for production of documents and interrogatories. (Perkins Decl. ¶ 2, Ex. A.) Plaintiff sought the results of an x-ray or CT scan examinations from Pleasant Valley State

Prison (PVSP), Community Residential Medical Center (CRMC), Memorial Hospital, and Mercy Hospital. (Id.)

Defendant served responses to Plaintiff's requests for written discovery on or about June 7, 2018. (Perkins Decl. ¶ 3, Ex. B.) In response to Plaintiff's request for "any and all writings, graphs, printouts, or photographs" for Plaintiff's treatment at these hospitals, Defendant provided Plaintiff with eight DVDs. (Id.) Defendant submit these DVDs contained images reproduced from Plaintiff's CT scan and x-ray examinations that were readable only in a copyrighted and trademarked program published by Lexmark Enterprise Software. (Id.) In addition to still images of these examinations, the DVDs contain moving images of Plaintiff's CT scans, as well as the reports of each radiologist who reviewed and interpreted the images of these examinations. (Id.)

On June 14, 2018, Plaintiff and Defendant held a teleconference at Defendant's request in which they discussed outstanding discovery matters. (Perkins Decl. ¶ 5.) At this time, Plaintiff advised defense counsel that he could not access the contents of his eight DVDs because the prison's computers did not have the hardware or software to open them. (Id.) Defense counsel consulted with the litigation coordinator Vanessa Sosa and California Department of Correction and Rehabilitation's (CDCR) staff counsel in order to accommodate Plaintiff's discovery requests. (Id.) The institution forbids inmates from having possession of DVDs. (Sosa Decl. ¶ 3, ECF No. 30-2.) However, Plaintiff has procedures available to him in which he can request paper copies of the x-ray and CT scan images of these examinations. (Id. ¶ 5.) Plaintiff was instructed by the institution to send his DVDs to a third-party who could keep custody of them. (Id. ¶ 8.) Plaintiff refused, and instead, custody staff maintain custody of the DVDs for Plaintiff. (Id. ¶ 5.)

Defendant thereafter supplemented her response to Plaintiff's request for production of documents with paper copies of the images; however, Gear View basic does not allow the user to print the images directly from the program. (Perkins Decl. ¶ 6, Ex. C.) While there were still images, there were also video files of the CT scan images that could not be printed. Defendant identified thirty-four images responsive to Plaintiff's request for production of documents that were able to be printed, and the litigation support services had to take screen shots of the still images contained on the DVDs and print that image. (Id.) Defendant served these supplemental discovery responses on Plaintiff on July

4

18, 2018, which included thirty-four images that were printable and eighteen pages of documents detailing the reviewing radiologist's observations and conclusions about each examination. (Perkins Decl. ¶ 7, Ex. D.)

In his reply, Plaintiff contends that defense counsel "said he would arrange for me to have 'two hours' in which to review the DVDs if I agreed to drop my motion to compel." (Reply at 3, ECF No. 32.) Plaintiff responded that only two hours of examination of all eight DVDs was unacceptable because he did not know the amount of data on each DVD. (Id.) Plaintiff indicated that he would agree to the initial two-hour period, but if it was not sufficient time, then he requested "additional two hour periods until I had time enough to finish inspection of the evidence." (Id.) Defense counsel did not agree to allow additional time. (Id.)

Litigation Coordinator at VSP, Vanessa Soza, declares that "[i]n order to ensure inmate Hisle does not possess the DVS in violation of the [Department of Operations Manual], a custody staff member would maintain possession of the DVDs and observe him when viewing the DVDs on a secured laptop that is not connected to the internet." (Sosa Decl. ¶ 4.) "[I]f inmate Hisle wishes to view the contends of the DVDs in this manner, he must submit a request to staff. Once the request is received, he will be given a period of two hours to view the contends of the DVDs. The time of inmate Hisle's two-hour appointment to view these DVDs would subject to the discretion of VSP staff." (Sosa Decl. ¶ 4.) "If inmate Hisle requests additional time beyond the two-hour period, he would have to make a second request. Additional time is subject to the discretion of VSP staff, and due to staff issues, inmate Hisle would not have more than one two-hour period per month. VSP would maintain custody of the DVDs for a period of one year from the date of this declaration. After that period of time, inmate Hisle would have to send the DVDs to a family member or third-party." (Sosa Decl. ¶ 4.)

In Plaintiff's first set of interrogatories, Plaintiff requested that Defendant "provide the name of the x-ray technician whom performed the x-ray exam of Plaintiff Hisle, that lead to the discovery of his three broken ribs." (Perkins Decl. ¶ 8, Ex. A.) Defense counsel consulted with Defendant and reviewed Plaintiff's medical records. (Id. ¶ 9.) Defendant had no personal knowledge of the specific technician who conducted the x-ray examination referenced in Plaintiff's interrogatory. (Id.)

Defendant was not present during the examination nor did she document the name of the technician in her medical records. (Id.) Defendant further indicated that x-ray technicians do not interpret x-ray images to determine the presence of injuries; they only operate the equipment used to generate the image. (Id.) Defendant therefore responded that she had no personal knowledge of the name of the technician. (Id.)

By way of letter dated July 11, 2018, Plaintiff sought the "records that must be reviewed in sufficient detail to enable [him] to identify the full name of the x-ray technician whom discovered Plaintiff's broken ribs." (Perkins Decl. ¶ 10.) In response, Defendant re-disclosed paper copies of the eighteen pages of reports about Plaintiff's x-ray exams. (Perkins Decl. ¶ 10, Ex. D.) A review of these records indicates that Plaintiff's rib fractures were first observed by x-ray on May 4, 2016, by a radiologist named C. Schultz, M.D. (Id.) Plaintiff also seeks to compel Defendant to provide the "name in full, location, or current work assignment of the x-ray technician named Quincy, that took Plaintiff's x-rays at the time his broken ribs were discovered." (Pl.'s Mot. to Compel at 8, ECF No. 28.)

**B.     Motion to Compel**

Plaintiff seeks the Court to either order Defendant to produce DVDs in a format accessible to him or assign him a private investigator who will print everything on the disc. Plaintiff also seeks the Court to compel Defendant to produce records regarding the full name and identity of an x-ray technician he identifies as "Quincy."

Defendant argues that she provided Plaintiff with copies of eight DVDs containing x-ray and CT scan images in her initial responses to Plaintiff's first request for production of documents. When Plaintiff could not access the content of the DVDs, Defendant provided Plaintiff with paper copies of the images that were responsive to his request, as well as the reports of the radiologists who reviewed and interpreted these images. Defendant also arranged for Plaintiff to view the materials on a secured laptop in the presence of prison staff, but Plaintiff rejected such offer. With regard to Plaintiff's second request, Defendant submits that it is a new request that Plaintiff has not propounded upon Defendant.

1 | A party may serve on any other party a request within the scope of Rule 26(b) to produce and
2 | permit the requesting party or its representative to inspect, copy, test, or sample the following items in
3 | the responding party's possession, custody or control: any designated documents or tangible things.
4 | Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession,
5 | custody, or control' if the party has actual possession, custody, or control thereof or the legal right to
6 | obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL
7 | 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.
8 | 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.
9 | Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal.
10 | Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

    1.    <u>Request for Production of Copies of DVDs and Appointment of Investigator</u>

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.

Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

**Ruling:** Plaintiff's motion to compel must be denied. First, prison regulations prohibit Plaintiff from possessing the DVDs. (Sosa Decl. ¶ 2.) Second, the computers at the institution which are available to Plaintiff do not have the software or hardware to access the programs on the DVDs. Third, the software is copyrighted and trademarked, and the images can only be viewed in the program. Furthermore, even if the software were available for Plaintiff's use, he would not be allowed unfettered possession of the DVDs. (Sosa Decl. ¶ 2.) Fourth, Plaintiff has equal access to his medical records, and he can request additional hard copies of these images through the institution at a cost of ten cents per page. (Perkins Decl. ¶¶ 3, 11, Ex. B; Sosa Decl. ¶ 6.)

Moreover, defense counsel arranged with Valley State Prison (VSP) staff to provide Plaintiff with an opportunity to view the paper copies along with the DVDs content to ensure accuracy. (Sosa Decl. ¶ 4.) Defendant submits that as of August 22, 2018, Plaintiff refused that request. (Perkins Decl. ¶ 11.) Plaintiff cannot simply contend that the initial two-hour period of time to review the DVDs is insufficient without taking advantage of such viewing and a showing of specific need for further time. Furthermore, litigation coordinator, Vanessa Soza, declares that if "additional time beyond the two-hour period" is necessary, Plaintiff may make a second request. (Sosa Decl. ¶ 4.)

Lastly, Plaintiff has not demonstrated that the material produced in the format requested is proportional to the needs of the case. Indeed, as Defendant points out, Plaintiff is not an expert and is

8

not qualified to interpret the x-ray and CT scan images. Defendant has provided Plaintiff with the accompanying radiology reports that explain the observations of the examining radiologist. Plaintiff fails to explain how his personal ability to view these images is of any greater importance or relevant to his claim than the reports of the non-party radiologists who interpreted these images during his examination.

In sum, Defendant has not withheld the requested materials from Plaintiff. If or when Plaintiff obtains an attorney or a qualified expert to review the materials on these DVDs, Plaintiff can send them to such person at that time. (Sosa Decl. ¶ 8.) Therefore, in balancing the considerations under Rule 26(b)(1), Plaintiff's request to provide him previously disclosed material in a *specific format* is not proportional to the needs of this case. However, Plaintiff may request to view the DVDs with staff assistance as set forth in Vanessa Soza's declaration, and the discovery deadline does not expire until December 11, 2018.

### a. Request for Appointment of Medical Expert

With respect to Plaintiff's request for appointment of a medical expert, the test is not whether Plaintiff would benefit from the appointment of an expert, or the appointment of counsel. Were that the test, every litigant proceeding pro would be entitled to the appointment of an expert and/or counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")

While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999), where the cost would likely be apportioned to the government, the Court should exercise caution. The Court's docket is comprised of an overwhelming number of civil rights cases filed by prisoners proceeding pro se and in forma pauperis, and the facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court. Wilds v. Gines, No. C 08-03348 CW (PR), 2011 WL 737616, at *4 (N.D. Cal. Feb. 23, 2011); Honeycutt v. Snider, No. 3:11-cv-00393-RJC

(WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.")

Furthermore, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. Faletogo, 2013 WL 524037, at *2; Bontemps v. Lee, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); Honeycutt, 2011 WL 6301429, at *1; Wilds, 2011 WL 737616, at *4; Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010). Therefore, Plaintiff's request for appointment of a medical expert is denied.

2. Request for Full Name, Work Assignment, Location of X-Ray Technician

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the

information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**Ruling:** Plaintiff's motion to compel must be denied. Defendant submits that Plaintiff has not, in any prior request, asked for the full name, work assignment, and location of an x-ray technician whom he identifies as "Quincy." (Perkins Decl. ¶ 10.) Plaintiff's interrogatory number 3 requested that Defendant provide the name of the x-ray technician who "performed the x-ray that lead" to the discovery of Plaintiff's fractured ribs. (Id. ¶ 9.) However, based on the investigation the x-ray technician did not identify any broken ribs, and the discovery conducted in this case shows that the rib fractures were discovered by a radiologist named C. Schultz on or about May 4, 2016. (Id. ¶ 10.) Defendant provided Plaintiff with this information in her supplemental responses to Plaintiff's request for production of documents. (Id.)

Based on Plaintiff's medical records, defense counsel submits that he interpreted this interrogatory to refer to the technician that conducted the May 4, 2016 x-ray, since that x-ray was the first documentation of Plaintiff's broken ribs. (Perkins Decl. ¶ 9.) Defense counsel conferred with Dr. Conanon and reviewed Plaintiff's medical records. (Id.) Defense counsel could not find any record of the name of this particular technician. (Id.) Defendant therefore responded that she lacked personal knowledge of the name of the x-ray technician.

Plaintiff argues that Rule 33(d) of the Federal Rules of Civil Procedure allows him to require Defendant to produce business records "if the answer to an interrogatory may be determined by examining a party's business records[.]" However, there was no record of x-ray technician Quincy's name in Plaintiff's medical records maintained at the institution. As previously stated, Plaintiff was provided eighteen pages containing the results of each and every x-ray and CT scan in response to his July 11, 2018 letter to Defendant. Plaintiff cannot now, by way of a motion to compel, expand his request for all CDCR health care information regarding the contact information for x-ray technician *Quincy*. If Plaintiff seeks to narrow his request to all of the identifying information regarding a technician named *Quincy*, he must do so by way of a new request and not a motion to compel. Pursuant to the Court's April 11, 2018 discovery and scheduling order, the deadline for completion of all discovery is December 11, 2018. (ECF No. 19.)

11

## IV.

## CONCLUSION AND ORDER

While the Court recognizes that Plaintiff may be disinclined to accept Defendant's discovery responses at face value, he is in a position no different than any other civil litigant: he is required to accept legally sufficient discovery responses. Mere distrust and suspicion do *not* form a legitimate basis to further challenge facially sufficient discovery responses. Fed. R. Civ. P. 26(g)(1), 33; <u>Gorrell v. Sneath</u>, 292 F.R.D. 629, 634 (E.D. Cal. 2013). Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, Fed. R. Civ. P. 11(b). <u>See also</u> Fed. R. Civ. P. 33(c). Further, Defendant is required to supplement her discovery responses should she learn that her responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Accordingly, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated: __**September 14, 2018**__

UNITED STATES MAGISTRATE JUDGE