UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARLYN CONANON, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENAS<br><br>[ECF No. 38] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for subpoenas, filed October 17, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Marlyn Conanon and John Doe (at Mercy Hospital).[1]

On April 10, 2018, Defendant Conanon filed an answer to the complaint. (ECF No. 18.) On April 11, 2018, the Court issued the discovery and scheduling order. (ECF No. 19.)

---

[1] The John Doe Defendant has not yet been identified or served with process.

1

As previously stated, on October 17, 2018, Plaintiff filed a motion for subpoenas. On October 31, 2018, Defendant filed an opposition, and Plaintiff filed a reply on November 13, 2018.

On August 8, 2018, Plaintiff filed a motion to compel. On August 27, 2018, Defendant filed an opposition. On September 14, 2018, the Court denied Plaintiff's motion to compel discovery. (ECF No. 33.)

## II.

## DISCUSSION

Pro se litigants who proceed in forma pauperis are entitled to invoke a district court's subpoena power and have the United States Marshal serve process. 28 U.S.C. § 1915(d). However, this right is subject to the requirements of the discovery rules and the court's duty to ensure that a subpoena does not impose an undue burden or expense on the person subject to that subpoena. Avery v. Pazos, Case No. 2:06-cv0-01400-FCD-KJM, 2007 WL 4284729, at *1 (E.D. Cal. Dec. 5, 2007). The scope of discovery through a subpoena is the same as that applicable to Rule 26 and the other discovery rules. Couch v. Wan, Case No. 1:18-cv-01621-LJO-DLB, 2011 WL 2551546, at *2 (E.D. Cal. June 24, 2011); see also Fed. R. Civ. P. 45 Advisory Committee Notes 1991 Amendment.

The Court will authorize the Clerk's Office to issue a subpoena duces tecum commanding a third party to produce documents *only if* (1) Plaintiff is unable to obtain the documents directly from Defendant and (2) he thereafter files a motion to compel which results in a determination that he is entitled to the documents but Defendant lacks possession, custody, or control over them. See Fed. R. Civ. P. 45(d) (parties have a duty to avoid imposing undue burden or expense on a person subject to subpoena and courts are required to enforce this duty) (quotation marks omitted); Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 862 (9th Cir. 2014) (district courts have "wide discretion in controlling discovery.") (internal quotation marks and citation omitted).

Rule 45 requires the Court to quash any subpoena that "requires the disclosure of privileged or other protected matter" or "subjects a person to an undue burden." In addition, a motion for issuance of a subpoena duces tecum should (1) clearly identify the documents sought and from whom, and (2) demonstrate that the records are obtainable only through the identified third party." Alexander v.

California Dep't of Corr. et al., Case No. 2:08-cv-02773-MCE-KJN, 2010 WL 4069953, at *2 (E.D. Cal. Oct. 18, 2010).

### A. Request for Names of X-Ray Technicians

Plaintiff requests that the Court issue a subpoena directing Pleasant Valley State Prison to produce the names of one or several x-ray technicians and defense counsel's notes and audio recordings about the discovery-related conversations Plaintiff had with him. As an initial matter, Plaintiff moved to compel Defendant Conanon to provide this information, even though he never requested the information in written discovery. (ECF No. 33.) In denying Plaintiff's motion to compel, the Court advised Plaintiff that he could file a new request by way of written discovery. (Id.) Thus, Plaintiff has not shown that the records of these x-ray technicians are only available through the third party.

Further, this information may be equally available to Plaintiff. The California Department of Corrections and Rehabilitation (CDCR) allows inmates to "request interviews with staff and/or request items and services via a written request process." Cal. Code Regs. tit. 15, § 3086(a). Plaintiff can submit a CDCR "Inmate/Parolee Request for Interview, Item or Service" form to the Pleasant Valley State Prison's medical department without the necessity for a subpoena. Cal. Code Regs. tit. 15, § 3086(c). Although Plaintiff contends that he has submitted requests, Plaintiff has failed to indicate that this avenue is not further available or has been fully exhausted. Accordingly, Plaintiff's motion for issuance of a subpoena duces tecum shall be denied.

### B. Request for Attorney Notes

Plaintiff also seeks a subpoena for defense counsel to disclose any recordings or attorney notes of the telephone conversations that have taken place between him and the undersigned.

Plaintiff has failed to demonstrate that the request for documents or materials is available only through a third party, i.e. defense counsel. Alexander, 2010 WL 4069953, at *3. Furthermore, Plaintiff's request implicates the work product doctrine. See Hickman v. Taylor, 329 U.S. 495, 511-13 (1947). Although Rule 26(b)(3)(C) allows a party to request its own statement, this subjection does not validate Plaintiff's request. A statement under Rule 26 is "a written statement that the party has signed or otherwise adopted or approved," or "a contemporaneous stenographic, mechanical,

3

electrical, or other recording that recites substantially verbatim the person's statement." Fed. R. Civ. P. 26(b)(3)(C)(i) and (ii).  An attorney's notes about statements made during a telephone call with a party does not come within the definition under Rule 26.  With regard to Plaintiff's request for any audio recordings made of Plaintiff during telephone calls, Plaintiff has failed to present evidence that such calls were actually recorded, and counsel submits that they were not.  Accordingly, Plaintiff's request to subpoena the telephone records and/or attorney notes must be denied.

## III.
## ORDER

Based on the foregoing, Plaintiff's motion for subpoenas is DENIED.

IT IS SO ORDERED.

Dated: __November 14, 2018__

UNITED STATES MAGISTRATE JUDGE