**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARLYN CONANON, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND THE COMPLAINT AND ADDRESSING PLAINTIFF'S OBJECTIONS TO THE COURT'S NOVEMBER 14, 2018 ORDER<br><br>[ECF Nos. 43, 45, 49] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an extension of time to amend the complaint, filed November 14, 2018, and Plaintiff's objections to the Court's November 14, 2018, order denying his request for issuance of subpoenas. (ECF Nos. 43, 45.)

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Marlyn Conanon and John Doe (at Mercy Hospital).[1]

---

[1] The John Doe Defendant has not yet been identified or served with process.

On April 10, 2018, Defendant Conanon filed an answer to the complaint. (ECF No. 18.) On April 11, 2018, the Court issued the discovery and scheduling order. (ECF No. 19.)

On April 23, 2018, the Court set the matter for a settlement conference pursuant to the Court's Alternative Dispute Resolution program. (ECF No. 20.) On May 24, 2018, the Court vacated the settlement conference pursuant to Defendant's request. (ECF Nos. 21, 22.) The Court amended the scheduling order, which set the deadline to amend the pleading for November 12, 2018 and the discovery deadline for January 13, 2019. (ECF No. 22.)

As previously stated, on October 17, 2018, Plaintiff filed a motion for subpoenas. On October 31, 2018, Defendant filed an opposition, and Plaintiff filed a reply on November 13, 2018.

On August 8, 2018, Plaintiff filed a motion to compel. On August 27, 2018, Defendant filed an opposition. On September 14, 2018, the Court denied Plaintiff's motion to compel discovery. (ECF No. 33.)

On October 17, 2018, Plaintiff filed a motion for issuance of subpoenas. (ECF No. 38.) Defendants filed an opposition on October 31, 2018, and Plaintiff filed a reply on November 13, 2018. (ECF Nos. 40, 42.) On November 14, 2018, the Court denied Plaintiff's motion for subpoenas finding that Plaintiff failed to establish that the records are only obtainable through the identified third party. (ECF No. 44.)

As previously stated on November 14, 2018, Plaintiff filed a motion for an extension of time to amend the complaint. (ECF No. 43.) Defendant filed an opposition to Plaintiff's motion for an extension of time on December 5, 2018, and Plaintiff filed a reply on December 21, 2018. (ECF Nos. 46, 48.)

On December 3, 2018, Plaintiff filed objections to the Court's November 14, 2018, order denying his motion for subpoenas. (ECF No. 45.) Defendant filed a response on December 14, 2018, and Plaintiff filed a reply on December 27, 2018. (ECF Nos. 47, 49.)

///
///
///
///

## II.

## DISCUSSION

### A. Motion for Extension of Deadline to Amend the Complaint

Plaintiff seeks an extension of the deadline to amend the complaint to identity the Doe Defendant who treated him at Mercy Hospital.

Defendant opposes Plaintiff's motion and argues that Plaintiff has failed to demonstrate that he acted with due diligence to amend his complaint.

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

///
///
///

In his motion, Plaintiff claims that he needs additional time to properly name the Doe Defendant because he cannot ascertain the correct identity from the documents produced by Defendant.

Although Plaintiff is required to follow all applicable rules and order, Plaintiff is proceeding pro se and he is incarcerated, which affects his ability to draft discovery with the precision of an attorney. It also entitles him to some additional leniency. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting "Supreme Court precedent that instructs federal courts to liberally construe the "inartful pleading" of pro se litigants"); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (holding that pro se litigants should be treated with great leniency when evaluating compliance with the technical rules of civil procedure). In this instance, given that Plaintiff submitted his motion for an extension of time prior to the deadline to amend the complaint and prior to the discovery deadline, and he has been diligent in propounding discovery to ascertain the identity of the Doe Defendant, the Court does finds good cause to extend the deadline to amend the complaint, limited to the identity of the Doe Defendant as described in the operative complaint. In addition, it is unclear, at this juncture, whether further discovery will uncover the identity of the Doe Defendant. Accordingly, the deadline to amend the complaint is extended to **April 17, 2019**. In light of this extension, it is necessary to also extend the dispositive motion deadline to **June 17, 2019**.

**B.     Objections to Court's November 14, 2018 Order**

Plaintiff objects to the Court's denial of his request for issuance of subpoenas as to the identity of the x-ray technician and telephone records. On December 14, 2018, Defendant filed a response to Plaintiff's objections and argued that reconsideration of the Court's November 14, 2018, is not justified. On December 27, 2018, Plaintiff filed a reply to Defendant's response. In his reply, Plaintiff submits that he was not and is not seeking reconsideration of the Court's November 14, 2018, but only wishes to note his objections. As clarified by Plaintiff, Plaintiff's objections are noted for the record and the Court's November 14, 2018, order remains final and the law of this case.

However, Plaintiff correctly notes and based on a review of the record, the Court inadvertently failed to address Plaintiff's request for issuance of the subpoena duces tecum to Mercy Hospital. Plaintiff's request is denied, without prejudice for the reasons noted below.

Defendant submits that Plaintiff was provided seventy-five pages of documents from Mercy Hospital. (Opp'n, Perkins Decl. ¶ 3, ECF No. 46-1.) Defendant identified six doctors in these records who were involved in Plaintiff's care during his stay at Mercy Hospital. (Id., Perkins Decl. ¶ 5.)

In his request for a subpoena to the custodian of records at Mercy Hospital, Plaintiff simply requests production "of the full name, first and last of the primary care medical doctor whom would have had 'all' decision making authority for patient Dennis Hisle, on the dates between May 20, 2016 and May 31, 2016 while he was in their care. Including but not limited to, whom had responsibility and authority for the wait period for his transfer to Memorial Hospital for lung surgery." (Req. for Subpoenas, at p. 3, ECF No. 38.)

Plaintiff fails to demonstrate how the information he was provided by Defendant is not sufficient for him to ascertain the identity of the Doe Defendant. Plaintiff cannot request a blanket subpoena for the same documents that were already provided to him by Defendant. See Fed. R. Civ. P. 45(d) (parties have a duty to avoid imposing undue burden or expense on person subject to subpoena and courts are required to enforce this duty) (quotation marks omitted); Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 862 (9th Cir. 2014) (district courts have "wide discretion in controlling discovery.") (internal quotation marks and citation omitted). Thus, Plaintiff must specify how the documents provided by Defendant do not provide sufficient information to ascertain the identity of the Doe Defendant and identify specifically what documents he is seeking from Mercy Hospital. Accordingly, Plaintiff's request for a subpoena duces tecum to the custodian of records at Mercy Hospital is denied, without prejudice, to refiling within thirty (30) days if Plaintiff believes he can do so in good faith.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time of the deadline to amend the pleadings is GRANTED;

2. The deadline to amend the pleadings is extended to **April 17, 2019**, and the deadline to file a dispositive motion is extended to **June 17, 2019**; and

5

3. Plaintiff's request for issuance of a subpoena duces tecum to the custodian of records at Mercy Hospital is denied, without prejudice, to refiling within thirty (30) days if Plaintiff believes he can do so in good faith.

IT IS SO ORDERED.

Dated: **January 10, 2019**

UNITED STATES MAGISTRATE JUDGE