UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>    Plaintiff,<br><br>    v.<br><br>MARLYN CONANON, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE<br><br>[ECF No. 51] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Marlyn Conanon and John Doe (at Mercy Hospital).[1]

Currently before the Court is Plaintiff's motion to extend the discovery deadline, filed January 14, 2019, self-dated January 9, 2019. Defendant did not file an opposition and the time to do so has expired. Local Rule 230(l).[2]

///

///

---

[1] The John Doe Defendant has not yet been identified or served with process.

[2] "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Local Rule 230(l).

1

# I.

# DISCUSSION

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." <u>Kuschner Nationwide Credit, Inc.</u>, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

The discovery deadline expired on January 13, 2019. (ECF No. 22.) Plaintiff seeks to extend the deadline in order to conduct further discovery to ascertain the identity of the x-ray technician and the Doe Defendant. On the basis of good cause and due diligence, as well as the lack of opposition by Defendant, the Court will extend the discovery deadline to April 23, 2019.

///
///
///
///

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline is granted; and
2. The deadline for completion of all discovery is extended to **April 23, 2019**.

IT IS SO ORDERED.

Dated: **February 7, 2019**

UNITED STATES MAGISTRATE JUDGE