# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARLYN CONANON, et al.,<br><br>　　　　Defendants. | ) Case No. 1:17-cv-01400-LJO-SAB (PC)<br>)<br>)<br>) ORDER DENYING PLAINTIFF'S MOTION FOR<br>) RECUSAL OF MAGISTRATE JUDGE STANLEY<br>) A. BOONE<br>)<br>) [ECF No. 52]<br>)<br>) |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's document entitled "objections to the duplicitous collaboration between, A.G. Perkins, and U.S.D.C., in denying Plaintiff's request for subpoenas by deceptive redress of courts, Nov. 14, 2018, order and recusal of Judge Stanley A. Boone." filed January 30, 2019.

## I.

## RELEVANT BACKGROUND

This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Marlyn Conanon and John Doe (at Mercy Hospital).[1]

---

[1] The John Doe Defendant has not yet been identified or served with process.

1

On April 10, 2018, Defendant Conanon filed an answer to the complaint. (ECF No. 18.) On April 11, 2018, the Court issued the discovery and scheduling order. (ECF No. 19.)

As previously stated, on October 17, 2018, Plaintiff filed a motion for subpoenas. On October 31, 2018, Defendant filed an opposition, and Plaintiff filed a reply on November 13, 2018.

On August 8, 2018, Plaintiff filed a motion to compel. On August 27, 2018, Defendant filed an opposition. On September 14, 2018, the Court denied Plaintiff's motion to compel discovery. (ECF No. 33.)

On October 17, 2018, Plaintiff filed a motion for issuance of subpoenas. (ECF No. 38.) Defendants filed an opposition on October 31, 2018, and Plaintiff filed a reply on November 13, 2018. (ECF Nos. 40, 42.) On November 14, 2018, the Court denied Plaintiff's motion for subpoenas finding that Plaintiff failed to establish that the records are only obtainable through the identified third party. (ECF No. 44.) On this same date, Plaintiff filed a motion for an extension of the deadline to amend the pleadings. (ECF No. 43.)

On December 3, 2018, Plaintiff filed objections the Court's November 14, 2018 order. (ECF No. 45.)

On January 11, 2019, the Court granted Plaintiff's motion to extend the time to amend the complaint, and denied, without prejudice, his request for a subpoena duces tecum to the custodian of records at Mercy Hospital, to refiling within thirty days, if so desired. (ECF No. 50.)

As previously stated, on January 30, 2019, Plaintiff filed a motion to recuse the undersigned. Defendants filed an opposition on February 11, 2019. Plaintiff did not file a reply and the time to do has passed. Accordingly, Plaintiff's motion is deemed submitted for review. Local Rule 230(l).

## II.

## DISCUSSION

The Court construes Plaintiff's motion as a motion for the undersigned to recuse or disqualify himself from this matter.

///

///

///

A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144. See United States v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233.

To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554-56 (1994).

Plaintiff contends that he "has been unconstitutionally wronged, denied evidence, denied fair equitable justice and participation in discovery." (Pl.'s Mot for Recusal at 2, ECF No. 52.) Plaintiff specifically objects to what he claims is "collaborative effort" by the California Department of Corrections and Rehabilitation (CDCR), defense counsel, and the undersigned, who have used "deceptive tactics" to deny him discovery. (Id. at 2-3.) Plaintiff contends that he has been denied the opportunity to discover the full name of the x-ray technician he identifies as "Quincy." (Id. at 3.) Plaintiff first sought this information from Defendant by way of interrogatories, however, Defendant denied knowing the name of the technician. (Id.) Plaintiff then wrote defense counsel, and after he was unsatisfied with defense counsel's response, he filed a motion to compel discovery. (Id.) On September 14, 2018, the Court denied Plaintiff's motion to compel. (ECF No. 33.) Plaintiff then filed motions for issuance of subpoenas. (Pl.'s Mot. for Recusal at 4, ECF No. 52.) Plaintiff sought subpoenas for the actual name of the doctor who treated him at Mercy Hospital, recorded telephone

conversations between defense counsel, and the full name of the x-ray technician. (Id.) On November 14, 2018, the Court denied Plaintiff's request and instructed Plaintiff to show that the records he sought were only obtainable through a third party. (Id.) Plaintiff claims the Court sides with defense counsel and denies him necessary evidence. (Id. at 5.) Plaintiff further objects to the Court's January 10, 2019 order, which he claims is a "purposeful obfuscation of plaintiff's communication" with the Court. (Id. at 5-6.)

Defendants correctly argue that Plaintiff failed to make his allegations of bias or prejudice under penalty of perjury, as required by 28 U.S.C. § 1746(2). Nor does Plaintiff certify that his motion is being made in good faith. Although Plaintiff's motion is signed, it is not done under penalty of perjury. See, e.g., Johnson v. United States, No. C 10-00647 LB, 2011 WL 2709871, at *1-2 (N.D. Cal. July 12, 2011) (signature on motion does not convert it into an affidavit). This, alone, is sufficient to deny Plaintiff's motion. Johnson, 2011 WL 2709871, at *2; United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978).

Nonetheless, even if Plaintiff had signed his affidavit under penalty of perjury and certified that it was being made in good faith, his motion must be denied. Plaintiff's motion for recusal is substantively insufficient under section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice towards plaintiff from an extrajudicial source. United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) ("An affidavit filed pursuant to [section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Rather, Plaintiff's motion alleges explicit bias and prejudice arising solely out of judicial actions taken by the undersigned. As stated, Plaintiff contends the undersigned is biased based on the denial of certain discovery motions. The issues raised by Plaintiff are not proper grounds to disqualify a judge for bias and prejudice. As stated by the United States Supreme Court, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. at 555. Instead, judicial rulings are a basis for appeal, not recusal. Id.

///

///

Plaintiff is advised that in light of his pro se status, the Court has construed his filings as liberally as possible. However, "pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Faretta v. California, 422 U.S. 806, 834 n. 46 (1975). It is not the Court's function "to supervise laymen in the practice of law." Springer v. Best, 246 F.2d 24, 25 (9th Cir. 1959). The Court is not required to "inject itself into the adversary process on behalf of one class of litigant." Jacobsen v. Filler, 790 F.2d 1362, 1365 (9th Cir. 1986) (acknowledging a court's duty "to apply the requirements of the summary judgment rule with less than 'strict literalness'"). The rulings that Plaintiff objects to are insufficient to show any bias or prejudice against Plaintiff. Accordingly, Plaintiff has provided no grounds for which a request for recusal could be granted here.

### III.

### CONCLUSION AND ORDER

The Court has construed Plaintiff's filings liberally, and ruled as required by the Federal Rules of Civil Procedure, the local rules, and the applicable law. Indeed, in the Court's September 14, 2018, order, Plaintiff was advised to make a new request narrowly tailored to the identity of the technician Quincy. (ECF No. 33 at 11.) In addition, in denying Plaintiff's request for a subpoena to the custodian or records at Mercy Hospital, the Court explained how to cure the deficiencies and extended the time to do so. (ECF No. 50 at 5.) Furthermore, the Court granted Plaintiff an extension of the deadline to amend the pleadings and to conduct discovery. (ECF Nos. 50, 53.) Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for recusal of the undersigned is denied.

IT IS SO ORDERED.

Dated:  **February 26, 2019**

_____
UNITED STATES MAGISTRATE JUDGE