UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>    Plaintiff,<br><br>v.<br><br>MARLYN CONANON, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RECUSAL ORDER<br><br>[ECF No. 57] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's objections to the Magistrate Judge's February 27, 2019 order denying Plaintiff's motion for recusal, filed March 13, 2018. (ECF No. 57.) Although Plaintiff did not title his objections as a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling," the Court liberally construes Plaintiff's filing as a motion for reconsideration of the Magistrate Judge's February 27, 2019, order denying the motion to recuse. See Local Rule 303(c).

In seeking reconsideration of the Magistrate Judge's order denying the motion to recuse, Plaintiff must show that the Magistrate Judge's decision was "clearly erroneous or contrary to law." Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A).

///

///

A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144; see also 28 U.S.C. § 455(a) (A judge a required to recuse himself in any proceeding which his impartiality might reasonably be questioned). Under 28 U.S.C. § 455(a), a judge must recuse himself if a reasonable person with knowledge of all the facts would conclude that his impartiality might reasonably be questioned. Perry v. Schwarzenegger, 630 F.3d 909, 911 (9th Cir. 2011). The substantive test for personal bias or prejudice is identical under sections 144 and 455. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).

In this instance, Plaintiff has not shown that the Magistrate Judge's decision denying his motion for recusal was "clearly erroneous." Plaintiff's continued disagreement with the Magistrate Judge's orders is not sufficient to warrant recusal. Further, there is no evidence in the record of any impropriety by the Magistrate Judge and Plaintiff fails to demonstrate that the Magistrate Judge has engaged in favoritism or antagonism to warrant recusal. Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's February 27, 2019, order is denied.

IT IS SO ORDERED.

Dated: **March 20, 2019**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE