# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARLYN CONANON, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM, AND DENYING, WITHOUT PREJUDICE, PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 59] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure, and third request for appointment of counsel, filed March 22, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Marlyn Conanon and John Doe (at Mercy Hospital) for deliberate indifference to a serious medical need.[1]

On April 10, 2018, Defendant Conanon filed an answer to the complaint. On April 11, 2018, the Court issued the discovery and scheduling order.

---
[1] The John Doe Defendant has not yet been identified or served with process.

1

On October 17, 2018, Plaintiff filed a motion for subpoenas. On October 31, 2018, Defendant filed an opposition, and Plaintiff filed a reply on November 13, 2018.

On August 8, 2018, Plaintiff filed a motion to compel. On August 27, 2018, Defendant filed an opposition. On September 14, 2018, the Court denied Plaintiff's motion to compel discovery. (ECF No. 33.)

On October 17, 2018, Plaintiff filed a motion for issuance of subpoenas. (ECF No. 38.) Defendants filed an opposition on October 31, 2018, and Plaintiff filed a reply on November 13, 2018. (ECF Nos. 40, 42.) On November 14, 2018, the Court denied Plaintiff's motion for subpoenas finding that Plaintiff failed to establish that the records are only obtainable through the identified third party. (ECF No. 44.) On this same date, Plaintiff filed a motion for an extension of the deadline to amend the pleadings. (ECF No. 43.)

On December 3, 2018, Plaintiff filed objections the Court's November 14, 2018 order. (ECF No. 45.)

On January 11, 2019, the Court granted Plaintiff's motion to extend the time to amend the complaint, and denied, without prejudice, his request for a subpoena duces tecum to the custodian of records at Mercy Hospital, to refiling within thirty days, if so desired. (ECF No. 50.)

On January 14, 2019, Plaintiff filed a motion to extend the discovery deadline. (ECF No. 51.) On February 7, 2019, the Court granted Plaintiff's request and extended the discovery deadline to April 23, 2019. (ECF No. 53.)

As previously stated, on March 22, 109, Plaintiff filed a request for issuance of subpoenas and appointment of counsel. Defendant filed an opposition on April 12, 2019, and Plaintiff filed a reply on April 24, 2019. Accordingly, Plaintiff's motion is deemed submitted for review without oral argument. Local Rule 230(l).

///
///
///
///
///

# II.

# DISCUSSION

## A. Issuance of Subpoena

Discovery is permissible against nonparties. Fed. R. Civ. P. 45. A Rule 45 subpoena is the only discovery method by which information may be obtained from a nonparty. Adv. Comm. Note to 1991 Amendment to Fed. R. Civ. P. 45. Rule 45 subpoenas permit discovery from nonparties equivalent to discovery from parties under Rule 34. Assuming that the subpoena is properly constituted and served, Rule 45 requires the subpoena's recipient to produce the requested information and materials, provided the issuing party "take[s] reasonable steps to avoid imposing undue burden or expense." Fed. R. Civ. P. 45(c)(1), (d)1).

However, the Court's authorization of a subpoena duces tecum requested by an in forma pauperis Plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required under Rule 45, "serving a subpoena is not taken lightly by the court." Austin v. Winett, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).

Rule 26(b)(1) establishes the scope of discovery, stating in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Plaintiff seeks issuance of two subpoena duces tecum directed to the California Correctional Health Care Services (CCHCS) Imaging Record Center, P.O. Box 588500, Elk Grove, CA, 95758.

Plaintiff's first request seeks "All radiographic imagery of [Dennis Curtis Hisle's] chest and lungs performed on or about, May 1, 2016 [through] June 30, 2016." (Mot. at 2, ECF No. 59.)

Plaintiff's second request seeks "The full name, position title, of xray technician or Person whom performed the taking of x-ray imaging on the specific dates of [May 1, 2016 through May 16, 2016] of [Dennis Curtis Hisle's] chest and ribs." (Id.)

Plaintiff's motion for subpoenas shall be granted in part and denied in part. Plaintiff is proceeding on a claim that Defendants Marlyn Conanon and John Doe (at Mercy Hospital) were deliberately indifferent in treating his broken ribs, and he is therefore entitled to the medical records of the x-ray imaging performed and the identity of the x-ray technician who performed the imaging on the relevant dates.

With regard to Plaintiff's first request, Plaintiff has access to the disk containing the images and he has asked the Litigation Coordinator to allow him to view the x-ray film on one previous occasion. (Declaration of V. Soza, ¶ 4.) Further, the Litigation Coordinator at Valley State Prison has agreed to maintain possession of the DVDs until August 27, 2019, for Plaintiff. (Id. ¶ 3.)

With regard to Plaintiff's second request, Plaintiff is entitled to issuance of a third-party subpoena for his second request seeking the identify of the x-ray technician or person who performed the x-ray imaging on May 1 through May 16, 2016. Therefore, on the basis of good cause, the Court will grant Plaintiff's request for issuance of a third-party subpoena for the information set forth in his second request set forth above.

Pursuant to Federal Rule of Civil Procedure 45(a)(4), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of the subpoena on CCHCS Imaging Record Center following the passage of fifteen days from the date of service of this order, and a copy of the subpoena shall be provided with this order.

**B.     Request for Appointment of Counsel**

As Plaintiff is well aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

4

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges an Eighth Amendment claim against prison officials for denying him appropriate medical attention. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the amended complaint. In addition, although Plaintiff contends that there is a likelihood he will succeed on the merits, the evaluation of such analysis is premature at this time as the Court has only Plaintiff's allegations and evidence before it. Plaintiff also argues counsel is needed to obtain expert testimony, however, this does not demonstrate exceptional circumstances. See Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better—particularly in the realm of discovery and the securing of expert testimony," because that is not the applicable test). Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Accordingly, Plaintiff's third motion for the appointment of counsel is denied, without prejudice.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for issuance of a subpoena duces tecum is GRANTED in part and DENIED in part consistent with this order;
2. The issuance of the subpoena duces tecum directing the custodian of records at CCHCS Imaging Record Center, to produce responsive documents to the Plaintiff's second request as set forth above is hereby authorized;
3. Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces tecum will issue **ten** days following the date of service of this order;

4. The Clerk of Court is directed to complete one subpoenas addressed to CCHCS Imaging Record Center P.O. Box 588500, Elk Grove, CA, 95758 requesting: **"The full name, position title, of x-ray technician or person whom performed the taking of x-ray imaging on the specific dates of May 1, 2016 through May 16, 2016 of Dennis Curtis Hisle's chest and ribs"**;

5. The Clerk of Court shall serve a copy of the subpoenas along with this order; and

6. Plaintiff's third motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **April 26, 2019**

UNITED STATES MAGISTRATE JUDGE