UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>    Plaintiff,<br><br>v.<br><br>MARLYN CONANON, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO GRANT PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>[ECF No. 60] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion to extend the discovery deadline, filed April 12, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Marlyn Conanon and John Doe (at Mercy Hospital).[1]

Defendant Conanan filed an answer to the complaint on April 10, 2018. On April 11, 2018, the Court issued the discovery and scheduling order.

---

[1] The John Doe Defendant has not yet been identified or served with process.

1

On August 8, 2018, Plaintiff filed a motion to compel. Defendant filed an opposition on August 217, 2018, and Plaintiff filed a reply on September 10, 2018. On September 14, 2018, the Court denied Plaintiff's motion to compel.

On October 17, 2018, Plaintiff filed a motion for subpoenas. Defendant filed an opposition on October 31, 2018, and Plaintiff filed a reply on November 13, 2018. On November 14, 2018, the Court denied Plaintiff's motion for subpoenas.

On January 11, 2019, the Court granted Plaintiff's request to extend the time to amend the complaint to April 17, 2019, and denied, without prejudice, Plaintiff's motion for subpoenas. T

On March 13, 2019, Plaintiff filed a motion for recusal of the undersigned. Plaintiff's motion was denied on March 20, 2019.

On March 22, 2019, Plaintiff filed a second motion for subpoenas. Defendant filed an opposition on April 12, 2019, and Plaintiff filed a reply on April 24, 2019. On April 30, 2019, Plaintiff's motion for subpoenas was granted in part and denied in part.

As previously stated, on April 12, 2019, Plaintiff filed a second request to extend the discovery deadline. Defendant filed an opposition on May 2, 2019, and Plaintiff filed a reply on May 15, 2019.

## II.

## DISCUSSION

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the

court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

On March 6, 2019, Plaintiff served a second request for production of documents on Defendant Conanan. (Perkins Decl., Ex. A, ECF No. 64-1.) Defendant responded to the discovery on April 22, 2019, within the forty-five day deadline set forth in the discovery and scheduling order.

In response to Plaintiff's second request for production of documents, Defendant identified and disclosed the identity of the x-ray tech employee who performed the taking of Plaintiff's x-ray images on May 16, 2016, as Quincy Richards. (Perkins Decl., Ex. A.) In addition, on April 30, 2019, the Court granted Plaintiff's request for a subpoena to obtain any and all available records from Mercy Hospital regarding the identity of the x-ray technician or person who conducted the x-ray imaging on May 1, 2016 through May 16, 2016. (ECF No. 63.)

Plaintiff now seeks a second amendment to the discovery and scheduling order. Plaintiff contends that he has been denied discovery to ascertain the name of the x-ray tech employee and the primary care physician through the CDCR Form 22 process and the 602 process. Plaintiff also claims that he "is prepared to name the defendant and amend the claim" but his opportunity to amend should be "preserved" until Defendants answer his second set of document requests.

Defendant Conanon opposes Plaintiff's request and argues that Plaintiff has not been diligent in seeking to amend the complaint to identify the "Doe" Defendant because he received the names of the doctors who treated him at Mercy Hospital several months ago.

In Plaintiff's reply to Defendants' opposition, Plaintiff clarifies that he seeks only to extend the deadline to amend the complaint to identify the "Doe" Defendant, and on May 22, 2019, Plaintiff submitted a third amended complaint which was lodged by the Court. (ECF Nos. 66, 67.) Therefore,

3

the Court will construe Plaintiff's April 12, 2019, request as a motion for leave to file a second amended complaint, which was lodged by the Court on May 22, 2019.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

Under the mailbox rule, Plaintiff filed the instant motion to amend the complaint on April 9, 2019-8 days prior to the deadline to amend the pleadings. It is clear that Plaintiff seeks leave to amend solely to identify the "Doe" Defendant.[2] Even if there was some delay in bringing the motion to amend, mere delay does not equate to bad faith on the part of Plaintiff, and there is no basis to support a finding that Plaintiff intentionally delayed filing a motion to amend. See Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006) ("A party 'demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'") (citing Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)); see also Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973) (undue delay, alone is insufficient to deny leave to amend the pleadings). In addition, the Court finds that given Plaintiff's pro se status and incarceration, he has exercised sufficient due diligence to ascertain the identity of the "Doe" Defendant to properly amend the complaint, and any

---

[2] When a plaintiff learns of the identity of a Doe defendant through discovery or other means, he may move to file an amended complaint to add the newly-named defendant. Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003); see also Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013). Indeed, the failure to afford a plaintiff such opportunity is error. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

4

prejudice to Defendants is minimal. Therefore, Plaintiff's request to amend the complaint should be granted.[3]

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to extend the discovery deadline construed as a motion to amend the complaint (ECF No. 60) be granted; and

2. The Clerk of Court be directed to file the second amended complaint, lodged on May 22, 2019 (ECF No. 67).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __June 18, 2019__

UNITED STATES MAGISTRATE JUDGE

---

[3] The time necessary for service and a response to the second amended complaint will likely require a further schedule modification, but it is premature to address that matter now.