| | |
|---|---|
| DENNIS CURTIS HISLE, | Case No. 1:17-cv-01400-LJO-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| MARLYN CONANON, et al., | [ECF No. 65] |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration, filed May 13, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Marlyn Conanon and John Doe (at Mercy Hospital) for deliberate indifference to a serious medical need.[1]

On April 10, 2018, Defendant Conanon filed an answer to the complaint. On April 11, 2018, the Court issued the discovery and scheduling order.

---
[1] The John Doe Defendant has not yet been identified or served with process.

1

On March 22, 2019, Plaintiff filed a request for subpoenas. Defendant filed an opposition on April 12, 2019, and Plaintiff filed a reply on April 24, 2019.

On April 30, 2019, the Magistrate Judge granted in part and denied in part, Plaintiff's motion for issuance of subpoenas.

As previously stated, on May 13, 2019, Plaintiff filed a motion for reconsideration of the Court's April 30, 2019 order.

## II.

## DISCUSSION

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986).

Federal Rule of Civil Procedure 72(a) provides that nondispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. See also Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); see also 28 U.S.C. § 636(b)(1)(A). Discovery motions are nondispostive pretrial motions which fall under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and the orders resolving such motions are subject to the "clearly erroneous or contrary to law" standard of review. Rockwell Inter., Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324, 1325 (9th Cir. 1983).

The magistrate judge's factual determinations are reviewed for clear error and the legal conclusions are reviewed to determine if they are contrary to the law. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir. 1984), overruled on other grounds in Estate of Merchant v. CIR, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." Martin v. Loadholt, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citing Morgal v. Maricopa County Bd. of Sup'rs,

284 F.R.D. 452, 459 (D. Ariz. 2012)). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997).

In his motion for reconsideration, Plaintiff contends the Magistrate Judge erred by failing to consider and/or deny his request for issuance of a subpoena to obtain the radiologic images of his injury from Mercy Hospital. In the April 30, 2019 order, the Magistrate Judge denied Plaintiff's first request for a subpoena of the x-ray imaging because he already has access to such records, but granted Plaintiff's second request for a subpoena to identify the x-ray technician or person who performed the imaging on May 1 through May 16, 2016. (ECF No. 63.)

Plaintiff contends that he did not request a subpoena for the x-ray images on DVD, but rather the radiologic copies of the x-ray images to "be presented to juror at trial to exhibit the progression of growth development of the hematoma." (Mot. at 3:12-14, ECF No. 65.) Plaintiff further submits that he is now in possession of the identity of the x-ray technician and a subpoena is no longer necessary.

Plaintiff's motion must be denied. The Magistrate Judge previously denied Plaintiff's motion to compel Defendant to produce the radiologic images in a specific format. (ECF No. 33.) The Court specifically found that Plaintiff's request to have the material produced in a specific format was outside of the scope of discovery under Federal Rule of Civil Procedure 26(b)(1):

> Lastly, Plaintiff has not demonstrated that the material produced in the format requested is proportional to the needs of the case. Indeed, as Defendants point out, Plaintiff is not an expert and is not qualified to interpret the x-ray and CT scan images. Defendant has provided Plaintiff with the accompanying radiology reports that explain the observations of the examining radiologist. Plaintiff fails to explain how his personal ability to view these images is of any greater importance or relevant to his claims than the reports of the non-party radiologists who interpreted these images during his examination.

(Id.)

Here, Plaintiff is not an expert, and Defendant has produced Xerox copies of the images and conclusion of the examining radiologist. Other than Plaintiff's claim that he wishes to present these images if and when the case goes to trial, Plaintiff fails to present a valid reason why he needs to view these images in that specific format. Further, Plaintiff's unqualified opinion of what he believes these images may show in insufficient to warrant further disclosure of the images for which he already has

3

access.  Accordingly, Plaintiff's motion for reconsideration of the April 30, 2019, order shall be denied.

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration of the Magistrate Judge's April 30, 2019, order is DENIED.

IT IS SO ORDERED.

Dated:  **June 19, 2019**  　　　　　　/s/ Lawrence J. O'Neill　　　
　　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE