# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>   Plaintiff,<br><br> v.<br><br>MARLYN CONANAN, et al.,<br><br>   Defendants. | Case No. 1:17-cv-01400-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, AND DIRECTING THE CLERK OF COURT TO FILE SECOND AMENDED COMPLAINT LODGED ON MAY 22, 2019<br><br>[ECF Nos. 60, 67, 72] |

Plaintiff Dennis Curtis Hisle is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 18, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Plaintiff's motion to extend the discovery deadline construed as a motion to amend the be granted, and the Clerk of Court be directed to file the second amended complaint, lodged on May 22, 2019. (ECF No. 72.) The Findings and Recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. (Id.) Plaintiff filed objections on July 2, 2019.

///
///
///
///
///

1

In his objections, Plaintiff continues to disagree with prior orders and argues that he has been denied "equitable discovery." (Pl.'s Obj. at 4, ECF No. 75.) Plaintiff cannot continue to object to prior orders by way of objections to an unrelated Findings and Recommendations regarding his request to amend the complaint. Further, as stated in the Court's June 20, 2019, order denying Plaintiff's motion for reconsideration:

> The Magistrate Judge previously denied Plaintiff's motion to compel Defendant to produce the radiologic images in a specific format. (ECF No. 33.) The Court specifically found that Plaintiff's request to have the material produced in a specific format was outside of the scope of discovery under Federal Rule of Civil Procedure 26(b)(1):
>
> Lastly, Plaintiff has not demonstrated that the material produced in the format requested is proportional to the needs of the case. Indeed, as Defendants point out, Plaintiff is not an expert and is not qualified to interpret the x-ray and CT scan images. Defendant has provided Plaintiff with the accompanying radiology reports that explain the observations of the examining radiologist. Plaintiff fails to explain how his personal ability to view these images is of any greater importance or relevant to his claims than the reports of the non-party radiologists who interpreted these images during his examination.
>
> (Id.)
>
> Here, Plaintiff is not an expert, and Defendant has produced Xerox copies of the images and conclusion of the examining radiologist. Other than Plaintiff's claim that he wishes to present these images if and when the case goes to trial, Plaintiff fails to present a valid reason why he needs to view these images in that specific format. Further, Plaintiff's unqualified opinion of what he believes these images may show in insufficient to warrant further disclosure of the images for which he already has access. Accordingly, Plaintiff's motion for reconsideration of the April 30, 2019, order shall be denied.

(Order at 3:14-4:2, ECF No. 74.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendation filed on June 18, 2019, are adopted in full;
2. Plaintiff's motion to amend the complaint is granted;
3. The Clerk of Court shall file the second amended complaint, lodged on May 22, 2019 (ECF No. 67); and
4. The matter is referred back to the Magistrate Judge for initiation of service of process as to Defendant Doctor Mushtaq Ahmed.

IT IS SO ORDERED.

Dated: **July 16, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE