UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>  Plaintiff,<br><br>  v.<br><br>MARLYN CONANON, et al.,<br><br>  Defendants. | No. 1:17-cv-01400-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(Doc. No. 143.) |

Plaintiff Dennis Curtis Hisle is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 2, 2020, defendant Dr. Conanan[1] moved for summary judgment on the ground that plaintiff had failed to exhaust his administrative remedies prior to filing suit as required. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On August 3, 2020, the assigned magistrate judge issued findings and recommendations addressing the motion for summary judgment. (Doc. No. 121.) The findings and recommendations summarized plaintiff's claims as follows, with the final paragraph being particularly pertinent to resolution of the pending motion:

> Plaintiff repeatedly informed Dr. Conanan that he was suffering excruciating pain and could not breathe. Dr. Conanan performed an x-ray and discovered that Plaintiff had three broken ribs and internal bleeding that was not previously detected by staff at Community Regional Medical Center ("CRMC"). Despite the x-ray results, Plaintiff was ordered to return to his cell. However, two to three days later, Plaintiff was rushed to the hospital.

---

[1] Defendant's filings indicate that while the docket currently spells defendant's name as "Marlyn Conanon," the correct spelling is "Marlyn Conanan." (*See, e.g.*, Doc. Nos. 107, 145.) The court directs the Clerk of the Court to update the docket to reflect the correct spelling.

1

> On or about May 21, 2016, Plaintiff was taken by ambulance to Mercy Hospital in Bakersfield for treatment of three broken ribs, internal bleeding, and removal of a developing extra pleural hematoma. Dr. Mushtaq Ahmed kept Plaintiff chained to a bed with continuous internal bleeding, strained breathing and in great pain for two weeks because there was no bed space to be transferred to Memorial Hospital. When Plaintiff eventually arrived at Memorial Hospital, a surgical procedure was attempted by use of a large needle to extract the blood which if it had been done sooner would have worked. However, due to the length of delay in treatment removal required a much more serious surgical procedure. Dr. Ahmed would visit Plaintiff's room and state "he doesn't know what to do with me, and he actually suggest[ed] sending me back to (CDCR) PVSP because of the wait."
>
> Dr. Conanan falsely stated that she ordered a medical lay-in to modify Plaintiff's movement so he could hea[l] from his broken ribs and internal bleeding. Dr. Conanan also falsely stated that she issued an urgent referral for Plaintiff to see a pulmonologist.

(*Id.* at 5.)

The findings and recommendations also concluded that plaintiff's initial, fully-exhausted inmate grievance, filed in 2016, "did not include allegations that Defendant Conanan falsified medical records, failed to provide Plaintiff with a lay in, and failed to urgently refer Plaintiff to a pulmonologist."[2] (*Id*. at 9.) Additionally, the magistrate judge found that plaintiff failed to put prison officials on notice of his allegation that defendant Conanan falsified medical records in light of the finding at the third level of review that plaintiff "failed to state facts, specify an act, or provide documents consistent with the allegation." (*Id.* at 11.) Regardless, even if plaintiff adequately put prison officials on notice of this allegation, plaintiff failed to exhaust his administrative remedies before he initiated this lawsuit and thus, the magistrate judge did not err in concluding that plaintiff had not administratively exhausted his claim that defendant Conanan falsified his medical records. (*Id.* (stating the third level decision was issued in February 2018).)

Plaintiff did not dispute his failure to exhaust prior to filing suit on the merits, but instead argued that Defendant Conanan should be estopped from asserting the lack of administrative exhaustion due to fraud and misrepresentation. (*See* Doc. No. 115 at 2.) The magistrate judge explained that, in theory, the defense of administrative exhaustion can be rendered "effectively

---

[2] While a later inmate grievance, initiated by plaintiff in 2020, did mention these issues, administrative review of that grievance had yet to be completed. (*Id*. at 7.)

unavailable" if a prison administrator thwarts an inmate from taking advantage of the inmate grievance process through "machination, misrepresentation, or intimidation." (Doc. No. 121 at 10.) However, the magistrate judge concluded that plaintiff had not demonstrated that fraud or misrepresentation had prevented him from using and completing the proper administrative procedures to pursue his inmate grievance. (*Id*. at 10–11.)

On November 6, 2020, the undersigned adopted the magistrate judge's findings and recommendations, granted defendant's motion for summary judgment, and dismissed plaintiff's claims against defendant Conanan for allegedly falsifying medical records, failing to provide plaintiff with a lay in, and failing to urgently refer plaintiff to a pulmonologist, without prejudice, due to plaintiff's failure to exhaust his administrative remedies with respect to those claims prior to filing suit as required. (Doc. No. 136.)

On December 3, 2020, plaintiff filed a motion to amend or alter the court's November 6, 2020 order, requesting that the court alter or amend how the ruling treated his allegations that defendant Conanan made false statements in his medical records. Defendant Conanan filed an opposition on December 22, 2020, contending that plaintiff essentially seeks reconsideration of this court's order granting her motion for summary judgment by repeating arguments previously made and rejected by the court. (Doc. No. 145.)

Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a previous order." *Caroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion to alter or amend the judgment must "be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59 "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Caroll*, 342 F.3d at 945 (citation and internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. (citation and internal quotation marks omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what

other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

Plaintiff's argument in support of his motion to alter or amend the judgment is somewhat difficult to understand. He asks the court to "alter or amend the[] ruling to include plaintiff's argument of [C]onan[a]n[']s statement and PCP note providing lay in as a fraudulent fact, not adjudicated along with the granting of failure to exhaust lay in." (Doc. No. 143 at 4.) Specifically, plaintiff argues that the court "should have never ruled in a manner that included adjudication of the unexhausted allegation of fraud. That allegation is only [an] argument in support of evidence [as to] why a lay in order was not provided, not a filed claim." (*Id.* at 4.) First, it is unclear what "adjudication" plaintiff is concerned about. As the findings and recommendations summarized, *plaintiff's claims* included an allegation that Dr. Conanan made false statements in plaintiff's medical records regarding whether she ordered a medical lay-in and whether she issued an urgent referral for plaintiff to see a pulmonologist.[3] (*See* Doc. No. 121 at 5.) Notwithstanding the fact that this summary accurately reflected the allegations of the operative complaint, it was not an "adjudication" of anything. Whether plaintiff's allegation that

---

[3] The magistrate judge's summary of plaintiff's allegations was accurate. In his second amended complaint plaintiff alleges:

> On June 17, 2019, Defendant Marylyn Conanon filed a motion for summary judgment against Plaintiff Hisle. Defendant Conanon cited in support of her motion, that she ordered a medical lay-in to modify Plaintiff's movement so he could heal from his broken ribs and internal bleeding. This was a false statement of fact forged in her progress notes as well as her statement she refered [sic] plaintiff an urgent request to see pulminologist [sic]. This false support claim by Dr. Conanon, to support her summary judgment motion, gave rise for Plaintiff Hisle, to defend the truth in the opposition reply, and amend his claim to include the material facts that defendant Conanon, forged that false entry into her progress notes to gain legal advantage. Plaintiff Hisle, "did not" receive a lay-in or program modification as falsely claimed by defendant Conanon. And this failure caused further significant injury to Plaintiff. Dr. Conanon, in her motion testified that she knew Plaintiff required that prescription for rest and used that falsity in her defence [sic]. This was cruel [and] unusual punishment and deliberate indifference to a serious medical need.

(Doc. No. 114 at 5.)

4

defendant Conanan made false statements is viewed as an independent claim or as part of a broader allegation that a lay-in was not provided, the outcome would be the same. The only administratively exhausted inmate grievance failed to put defendants on notice of any such claim(s). Therefore, dismissal *without prejudice* was ordered, meaning that plaintiff may attempt to advance claims based upon false statements once those claims have been exhausted.

It is possible that plaintiff's concern over an "adjudication" is a reference to the discussion in the findings and recommendations of whether fraud operated to estop defendant Conanan from asserting the defense of exhaustion. If that is plaintiff's concern, his request is without merit. The estoppel by fraud argument was an issue plaintiff himself raised in opposition to defendant Conanan's motion for summary judgment. (*See* Doc. 115 at 2.) The findings and recommendations properly addressed that argument prior to granting defendant Conanan's motion for summary judgment. However, that discussion of fraud was limited to the issue of whether prison officials thwarted plaintiff from taking advantage of the inmate grievance process through fraud or misrepresentation. (Doc. No. 121 at 10–11 ("Plaintiff's allegations are belied by the evidence in the record. Plaintiff has pursued one grievance against Defendant Conan[a]n through the third level of review and has another grievance currently under review. This demonstrates that the grievance process remained available to him and did not prevent Plaintiff's use of the proper procedures.").) That reasoning (and the undersigned's adoption of it) was not intended to directly address or reject plaintiff's allegation on the merits (i.e., the allegation that Defendant Conanan falsified plaintiff's prison medical records).

Based on the above, the court finds no justification for altering or amending its November 30, 2020 order. Accordingly, it is hereby ordered that:

1. The Clerk of the Court is directed to update the docket to change the spelling of "Marlyn Conanon" to "Marlyn Conanan" to reflect the correct spelling of Defendant's name; and

/////
/////
/////
/////

2. Plaintiff's motion to alter or amend the judgment, filed on December 3, 2020 (Doc. No. 143), is denied.

IT IS SO ORDERED.

Dated:  **April 1, 2021**

　　　　　　　　　　　　　　　　　　*Dale A. Drozd*
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE