UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURTIS HISLE,<br><br>Plaintiff,<br><br>v.<br><br>MARLYN CONANON and MUSHTAQ AHMED,<br><br>Defendants. | No. 1:17-cv-01400-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 122, 127, 128, 138, 164, 166) |

Plaintiff Dennis Curtis Hisle is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Pending before the court are two sets of cross-motions for summary judgment and two findings and recommendations addressing those cross-motions. On June 16, 2021, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for summary judgment against defendant Ahmed be denied and that defendant Ahmed's motion for summary judgment against plaintiff be granted. (Doc. No. 164.) On July 27, 2021, the magistrate judge issued further findings and recommendations, recommending that plaintiff's motion for summary judgment against defendant Conanon be denied and defendant Conanon's motion for summary judgment in her favor be granted. (Doc. No. 166.) Plaintiff filed timely

/////

objections to both findings and recommendations.  (Doc. Nos. 165, 167.)  Defendant Conanon filed a response.  (Doc. No. 168.)

The court begins with the pending findings and recommendations recommending that summary judgment be granted in favor of defendant Ahmed.  Plaintiff objects on the grounds that defendant Ahmed's handwritten note stating that plaintiff was "stable" contradicts Dr. Wachtel's expert opinion, which explained plaintiff was "hematocrit stable."  The magistrate judge addressed this argument in the findings and recommendations and concluded that plaintiff's lay interpretation of defendant Ahmed's handwritten note does not establish a genuine dispute of material fact precluding summary judgment.  (Doc. No. 164 at 9 n.8.)  The court interprets the findings and recommendations in this regard as relying on the requirement set forth in Federal Rule of Evidence 701(c) that plaintiff's lay testimony not be "based on . . . specialized knowledge within the scope of [Federal] Rule [of Evidence] 702."  In this respect the pending findings and recommendations are correct:  decoding the difference between "stable" and "hematocrit stable" requires specialized knowledge and cannot be the subject of lay testimony.  Another judge of this court encountered a similar issue, stating:

> Defendants' twelfth motion *in limine* seeks to preclude Plaintiff from offering opinion testimony concerning his medical records or medical condition, pursuant to Rules 701 and 702 of the Federal Rules of Evidence.  Plaintiff opposes the motion, arguing that he should be permitted to offer such evidence, because he has personal knowledge of the facts of his medical records and conditions, and he will be prejudiced because the Court denied him an expert witness.
>
> . . . As for Plaintiff's interpretation of x-ray films or other medical records, Plaintiff does not have the scientific, technical, or other specialized knowledge to give his opinions. Therefore, testimony by Plaintiff interpreting his medical records shall be precluded.

*Calloway v. Hayward,* No. 1:08-cv-01896-LJO-GSA (PC), 2017 WL 363000, at *5–6 (E.D. Cal. Jan. 24, 2017); *see also Exmundo v. Scribner*, No. 1:06-cv-00205-AWI-DLB, 2014 WL 4249133, at *1 (E.D. Cal. Aug. 27, 2014) ("As to Plaintiff's medical conditions, he may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge, which generally includes any ultimate diagnosis . . . and/or interpretation of . . . medical records." (citing Fed. R. Evid. 702)).

With respect to the findings and recommendations recommending that summary judgement be granted in favor of defendant Conanon (Doc. No. 166), most of plaintiff's objections relate to those aspects of plaintiff's claim against the defendant which were dismissed as unexhausted. (*See* Doc. Nos. 136 & 167.) Plaintiff's remaining objections show no flaws in the magistrate judge's reasoning.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on June 16, 2021 and July 27, 2021 (Doc. Nos. 164 & 166) are adopted in full;
2. Plaintiff's motions for summary judgment (Doc. Nos. 122 & 128) are denied;
3. Defendants' motions for summary judgment (Doc. Nos. 127 & 138) are granted; and
4. The Clerk of the Court is directed to enter judgment in favor of defendants, to assign a district judge for purposes of closure, and to close this case.

IT IS SO ORDERED.

Dated: **October 25, 2021**

UNITED STATES DISTRICT JUDGE